PeaRSOIt, J.
Jonas Wood had five children, Jamos, Demp-sy, Sally, (tlie wife of Lassiter,) Amy, (tlie wife of Waters,) who are defendants, and Mary, the intestate of the plaintiff, (who was her husband.)
In July, 1836, Jonas Wood executed a deed of gift, by which he gave certain slaves to James, and certain other slaves to Dempsy, and other slaves to Mary and Amy. After-wards Mary married the plaintiff Uzzic.
In 1837, the slaves, 15 or 20 in number, were sold by the Sheriff under executions. Lassiter, the husband of Sally, became the purchaser, (amount of sale $91.50.)
In 1838, Lassiter conveys the slaves to Jonas Wood, and af-terwards by several deeds of gift he conveys them to the defendants.
The bill charges that after the intermarriage of the plaintiff with his daughter, Jonas Wood being dissatisfied, desired to “upset” the deed of gift executed in 1836, which had been duly registered ; and applied to a gentleman learned in law, who advised him that although the deed was registered — still if “they eould procure the creditors of Jonas Wood” to sue, take judgments and issue executions, and thereby have the property sold and purchased by a friend, he could reconvey to Jonas Wood, and thus “wpset” the deed of gift.
*228 That in pursuance of this advice, Jonas Wood by payment or by substitution of other security, got control of the debts which were outstanding against Mm, and had judgments taken, and executions issued, under which the property was sold, having previously made an arrangement with Lassiter, that lie should bid off the property at the sheriff's sale, and then reconvey to Wood. All which was done for the avowed purpose of “upsetting the deed of gift made in 1836so that Jonas Wood might give off the property to his four other children, to the exclusion of his daughter Mary, who had married Uzzle, for whom he had no kind affection.
The answers but faintly deny the allegations, and rest the defence mainly upon long possession and the statute of limitations. The proofs fully support the allegations of the bill.
It is clearly settled, that although equity will not enforce an executory agreement made without consideration, yet if the gift be executed, and rights have become vested, they will be protected.
By the deed of 1836 the plaintiff’s intestate acquired title to the slaves in controversy, subject only to the rights of the creditors of the donor. He could not defeat or avoid the effect of his gift, and a Court of Equity will prevent that from being done indirectly, which could not have been done directly. The effect of the sale, by the sheriff, was to vest the legal title in Lassiter, who passed it to the donor. But as the proceeding, in the name of the creditors was not bona, fide, or at their instance, and was a mere contrivance of the donor, with intent to avoid the effect of his deed of gift he held the legal title thus acquired as a trustee for the donees ; and the defendants, to whom he subsequently conveyed, having full notice, and three of them being in fact participes crvmmis, will, in this Court, be converted into trustees, and be considered as holding the property in trust for the donees under the deed of 1836. So, the plaintiff’s intestate has a clear equity to call for a conveyance, and an account in regard to the slaves given to her by that deed.
*229 "When a trust is not created by agreement of parties, but tbe person having tbe legal title is converted, by a decree, into a trustee, on tbe ground of fraud, be may insist that bis possession was adverse, and protect himself under tbe statute of limitations. Are tbe defendants protected by tbe statute ; or does tbe case come within tbe saving in favor of femes covert ?
For tbe defendants, it is insisted that this is tbe suit of tbe husband — that upon bis marriage tbe slaves were reduced into bis possession, and became bis property : so that tbe wife bad no further concern with them. For tbe plaintiff it is insisted, that tbe possession taken by tbe husband, was subject to tbe rights of tbe creditors of tbe donor, and that tbe proceedings in their names, bad tbe effect to supercede and wipe away all right which f be husband bad acquired ; and" that the equity to convert tbe donor, after tbe title bad vested in him, into a a trustee, was a chose in action, of tbe wife.
After much consideration, we have arrived at tbe conclusion that tbe effect of tbe sale by tbe sheriff, was to defeat entirely tbe right acquired by tbe husband, which rested upon tbe fact of bis having taken possession, and that tbe equity to convert tbe defendants into trustees was a right of tbe wife.
Suppose a woman purchases a slave, and marries, and the slave is recovered from the husband by one having title paramount : It is clear that tbe action against the vendor upon tbe warranty, must be in the name of the wife. She made the contract, and the right to sue for a breach of it, is hers. The effect of tbe recovery against the husband is to defeat entirely all right on his part, which rested upon the fact of his having had the slave in possession. So, as it seems to us, in our case, when the slaves were taken from the husband, and the title became vested in the purchaser at Sheriff’s sale, the effect was to defeat all right on tbe part of the husband, which rested upon the fact of his having had the slaves in possession— *230 because that possession was over-reached and superceded and blotted out by a paramount right.
An instance, where possession is over-reached, and the effect of it superceded, is given by my Lord Coke. Father dies —the son, who is married, enters, and afterwards assigns dower to his mother — her seisin over-reaches that of the son ; so that, the son’s wife cannot support a claim to dower, in regard to the part covered by the. mother’s dower. Hence the maxim “Dos de dote joeii non debet.”
As the equity to convert the defendants, who acquired the legal estate with notice, into trustees was a right of the wife, it was proper to institute this suit in the name of her administrator, and of course the defendants cannot, protect themselves by the statute of limitations.
Decree for plaintiff.